IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| THOMAS H. PUCKETT, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:13-cv-00025 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| B. HARTMAN, | ) | By: Norman K. Moon |
|     Defendant. | ) | United States District Judge |

Thomas H. Puckett, Jr., a Virginia inmate proceeding *pro se*, filed this civil rights action claiming that he was subjected to the use of excessive force and denied due process. I find that Puckett's allegations fail to state a claim of constitutional magnitude and, therefore, I will dismiss this action.[1]

**I.**

Puckett alleges that on December 31, 2012, between 9 and 10 PM, Correctional Officer B. Hartman walked up to him and pushed him into another inmate. Puckett claims that he "was not violating any prison rule" at the time of the incident. Puckett also complains that he was denied due process when he was denied access to the grievance process. Puckett provides no other details in support of his claims. As relief, Puckett seeks $50,000.

**II.**

Puckett alleges that Officer Hartman used excessive force against him when he pushed him into another inmate. In determining whether a complaint states an Eighth Amendment claim that a defendant used excessive force, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause

---

[1] Puckett has also filed a motion for a temporary restraining order, alleging that he "fears for [his] safety" in anticipation of retaliation for having filed this civil rights action. Puckett does not allege that anyone has actually threatened him or retaliated against him for having filed this action. Inasmuch as I am dismissing this action, I find that Puckett's motion for a temporary restraining order is moot and, therefore, will deny it.

Case 7:13-cv-00025-NKM-RSB   Document 18   Filed 02/21/13   Page 2 of 3   Pageid#: 53

harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *see also, Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . whether or not significant injury is evident." *Hudson*, 503 U.S. at 9. The extent of injury suffered by the inmate is relevant to the Eighth Amendment inquiry, both because it may suggest whether the use of force could plausibly have been thought necessary in a particular situation and because it may provide some indication of the amount of force applied. *Wilkins v. Gaddy*, 559 U.S. 34 (2010) (rejecting the notion that an excessive force claim involving only *de minimis* injury is subject to automatic dismissal), *Whitley*, 475 U.S. at 321. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9. And, an inmate who complains of a "push or shove" that causes no discernible injury "almost certainly" fails to state a valid excessive force claim. *Id.*, quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973). Nonetheless, "[i]njury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins*, 559 U.S. at 34.

  Puckett only alleges that Officer Hartman pushed him and that Puckett was not violating any prison rule at the time. Puckett does not allege any injury. Puckett does not allege that Officer Hartman intended to cause him any harm or that Hartman even intended to push him. Accordingly, I find that Puckett's allegations are far too vague and conclusory to state a constitutional claim and, therefore, I will dismiss this claim without prejudice.

2

## III.

Puckett claims that he was denied due process when he was denied access to the grievance procedure. However, an inmate has no constitutional right to participate in grievance proceedings. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Accordingly, I find that Puckett's allegation does not rise to the level of a constitutional violation and, therefore, I will dismiss this claim.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the parties.

**ENTER**: This 21st day of February, 2013.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE